Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Monique N. Allen** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF OHIO**
**Judge Jessica Price Smith**

Case number: **19-10207**
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan

12/17

---

Part 1: **Notices**

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

---

Part 2: **Plan Payments and Length of Plan**

2.1 **Debtor(s) will make regular payments to the trustee as follows:**

**$1600** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
Per Confirmation Order

**2.4 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $96,000.00.**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Bank of America** | **955 East 147th St Cleveland, OH 44110** | **$1,048.69** <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor(s) | Prepetition: **$3,147.00** | **0.00%** | **$70.00** | **$66,000.00** |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Progressive Leasing** | **$2,000.00** | **furniture** | **$200.00** | **$0.00** | **$1,500.00** | **7.50%** | **$20.00** | **$1,742.** |
| **Snap Finance** | **$500.00** | furniture | **$200.00** | **$0.00** | **$250.00** | **7.50%** | **$20.00** | **$290.** |
| **Zebit** | **$2,500.00** | **Cell Phone/ Computer and playstation** | **$300.00** | **$0.00** | **$300.00** | **7.5%** | **$20.00** | **$300.00** |

*Insert additional claims as needed.*

**3.3      Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐   **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑   The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Global Lending Services LLC** | **2014 Buick Lacrosse 56000 miles** | **$17,500.00** | **7.50%** | **$320.00** | **$21,040.00** |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor(s) | |

*Insert additional claims as needed.*

**3.4      Lien avoidance**.

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5      Surrender of collateral.**

*Check one.*

☑   **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1      General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2     Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **5.20**% of plan payments; and during the plan term, they are estimated to total $**4,992.00**.

**4.3     Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**0.00**.

**4.4     Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑          **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5     Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑          **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:     Treatment of Nonpriority Unsecured Claims

**5.1     Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑          The sum of $  **0.00** .

☑          **0**     % of the total amount of these claims, an estimated payment of $  **0**     .

☐          The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $____ Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2     Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑          **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3     Other separately classified nonpriority unsecured claims.** *Check one.*

☑          **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:     Executory Contracts and Unexpired Leases

**6.1     The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑          **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7:     Vesting of Property of the Estate

**7.1     Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*

☑          plan confirmation.

☐          entry of discharge.

☐          other: _____

## Part 8:     Nonstandard Plan Provisions

**8.1     Check "None" or List Nonstandard Plan Provisions**

☑     **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signature(s):** |
|---|---|

**9.1**     **Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Monique N. Allen**         X         

    **Monique N. Allen**         Signature of Debtor 2

    Signature of Debtor 1

    Executed on    **January 13, 2019**         Executed on

X   **/s/ Antoinette E. Freeburg**         Date   **January 13, 2019**

    **Antoinette E. Freeburg 0071075**

    Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$66,000.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$2,333.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$21,040.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$4,99500** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$1,570.00** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*                                        +  | **$0.00** |

**Total of lines a through j**

**$96,000.00**

## CERTIFICATE OF SERVICE

I certify that on the 25th day of February 2019, a true and correct copy of the Chapter 13 plan was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Edward Bailey, Esq., on behalf of The Bank of New York Mellon, at bknotice@reimerlaw.com

Lauren A. Helbling
ch13trustee@ch13cleve.com, lhelbling13@ecf.epiqsystems.com

via regular U.S. Mail, postage prepaid, on:

Progressive Leasing
Attn: Todd Jeffcoat, CFO
256 West Data Drive
Draper, UT 84020

1600 CNB Corp.
1375 East Ninth St., 29th Floor
Cleveland OH 44114

Zebit, Inc.
Attn: Steve Lapin, CFO
9530 Towne Centre Dr., Suite 200
San Diego, CA 92121

Snap Finance
Attn: Spencer Clawson, CFO
1193 W. 2400 S
West Valley City, UT 84119

All creditors in the attached matrix

/s/Antoinette E. Freeburg
Antoinette E. Freeburg (0071075)
FREEBURG & FREEBURG, LLC
6690 Beta Dr. Ste. 214
Mayfield Village, OH 44143
Phone 440-421-9181; Fax 440-421-9184
toni@freeburglaw.com
Attorney for Debtor

Label Matrix for local noticing
0647-1
Case 19-10207-jps
Northern District of Ohio
Cleveland
Mon Feb 25 17:00:43 EST 2019

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Howard M. Metzenbaum U.S. Courthouse
United States Bankruptcy Court
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, OH 44114-1235

AT&T
c/o Bankruptcy
1801 Valley View Lane
Farmers Branch, TX 75234-8906

Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601-4303

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Capital One
Attn: Bankruptcy Dept
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

City of Cleveland, Div. of Water
1201 Lakeside Ave
Cleveland, OH 44114-1100

Cleveland Public Power
1300 Lakeside Ave.
Cleveland, OH 44114-1135

Comenity Capital Bank
Bankruptcy Dept.
PO Box 182125
Columbus, OH 43218-2125

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Department of Ed/NelNet
121 S 13th St
Lincoln, NE 68508-1904

Dominion East Ohio Gas
Attn: Bankruptcy Dept
PO Box 26666
Richmond, VA 23261-6666

Fingerhut
PO Box 166 Newark
Newark, NJ 07101-0166

(p)GLOBAL LENDING SERVICES LLC
1200 BROOKFIELD BLVD STE 300
GREENVILLE SC 29607-6583

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

NEORSD
PO Box 94550
Cleveland, OH 44101-4550

National Credit Adjusters
PO Box 3023
327 W. 4th St.
Hutchinson, KS 67501-4842

Progressive Leasing
256 West Data Dr.
Draper, UT 84020-2315

Rise
Attn: Bankruptcy
PO Box 101808
Fort Worth, TX 76185-1808

Seventh Avenue
1112 7th Ave.
Monroe, WI 53566-1364

Snap Finance
4659 Sherman Street
Salina, KS 67401

Spectrum
c/o Bankruptcy
3347 Platt Springs Rd.
West Columbia, SC 29170-2203

Synchrony Bank
Bankruptcy
PO Box 965060
Orlando, FL 32896-5060

US Department of Education c/o Nelnet
121 South 13th Street, Suite 201
Lincoln NE 68508-1911

Vivint Home Security
5132 North 300 West
Provo, UT 84604-5817

Zebit
9530 Towne Centre Drive
Suite 200
San Diego, CA 92121-1981

Antoinette E. Freeburg
Freeburg & Freeburg, LLC
6690 Beta Drive
Suite 214
Mayfield Village, OH 44143-2359